RICHARD L HOLCOMB (HI Bar No. 9177)
JUSTIN A. BRACKETT (HI Bar No. 9954)
Holcomb Law, A Limited Liability Law Corporation
1136 Union Mall, Suite # 808
Honolulu, HI  96813
Telephone: (808) 545-4040
Facsimile: (808) 356-1954
Email:  rholcomblaw@live.com
Email:  justinbrackettlaw@gmail.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BOBBIN POAHA, | ) |
| | ) CASE NO. 1:14-CV-00199 |
| Plaintiff, | ) |
| vs. | ) COMPLAINT FOR DAMAGES, |
| | ) DECLARATORY AND INJUNCTIVE |
| CONSUMER PORTFOLIO SERVICES, INC. | ) RELIEF |
| | ) |
| Defendant. | ) JURY TRIAL REQUESTED |
| | ) |
| _____ | ) |

## COMPLAINT

### JURISDICTION AND VENUE

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant Consumer Portfolio Services, Inc. violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA") in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant CPS transacts business here.

## PARTIES

4. Plaintiff Bobbin Poaha (hereinafter "Plaintiff" and/or "Mrs. Poaha") is a natural person who resides in Honolulu County, Hawai'i, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Consumer Portfolio Services, Inc. (hereinafter referred to as "CPS" or "Defendant CPS") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant CPS is a corporation registered with the State of California. It can be served through its Registered Agent, The Corporation Company, Inc., 1136 Union Mall, Suite 301, Honolulu, HI 96813.

7. Other defendants may be discovered in the course of litigation, and Mrs. Poaha respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

8. Defendant CPS uses mail in its business.

9. Defendant CPS uses telephone communications in its business.

10. The primary purpose of Defendant CPS is the collection of debts.

11. Defendant CPS regularly collects or attempts to collect debts owed, or due, or asserted to be owed or due to another.

12. Defendant CPS is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

13. Defendant CPS has alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Haw. Rev. Stat. § 443B-1, namely, a loan for the purchase of a van that was used for personal and family purposes.

14. Sometime prior to January 9, 2014, Plaintiff's debt was assigned or transferred to Defendant CPS for collection from Plaintiff.

15. Upon information and belief, Defendant CPS does not maintain (i.e., actually employ or implement) procedures to avoid errors under the FDCPA.

16. On January 9 2014, Mrs. Poaha received the following message on her cellular telephone voice-mail from phone number (949) 788-5600: "Hi this

message is for Bobbin Poaha. This is John from Consumer Portfolio Services. Please return my call at 1 (800) 458-8875.

17. The telephone number "(949) 788-5600" is registered to, owned by and/or used by Defendant CPS.

18. Upon information and belief, and according to "John's" representation, the telephone number 1 (800) 458-8875 is registered to, owned by and/or used by Defendant CPS.

19. The caller, "John," did not identify himself as a debt collector.

20. Defendant CPS also called the cellular telephone of Mrs. Poaha's husband, Marshall Poaha, in an attempt to collect the debt.

21. Defendant CPS's representative spoke with Marshall Poaha in late 2013 and again in February, 2014.

22. Mrs. Poaha and Marshall are both concerned as to how Defendant CPS obtained Marshall's cellular telephone number.

## CAUSES OF ACTION

### *CLAIM ONE:*
### *VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT*

**FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: FAILURE TO PROVIDE REQUISITE DISCLOSURES IN ITS ATTEMPTS TO COLLECT A DEBT, AS REQUIRED BY 15 U.S.C. § 1692g**

23. The acts of Defendant CPS constitute violations of the FDCPA. Violations of the FDCPA by the Defendant CPS include, but are not limited to, the

following:  The failure to send the consumer a thirty-day validation notice within five days of the initial communication, which is a violation of 15 U.S.C. §§ 1692g, 1692g(a)(1), 1692g(a)(2), 1692g(a)(3), 1692g(a)(4), and 1692g(a)(5).

24. Defendant CPS called Mrs. Poaha multiple times, but she has never received any of the requisite notices pursuant to 15 U.S.C. §§ 1692g, 1692g(a)(1), 1692g(a)(2), 1692g(a)(3), 1692g(a)(4), or 1692g(a)(5).

25. Defendant CPS has never provided any validation of the debt or informed Mrs. Poaha of her rights to dispute the debt.

26. Defendant CPS's collection tactics of calling Mrs. Poaha repeatedly before sending the requisite notices pursuant to 15 U.S.C. §§ 1692g-g(a)(5) and before ever validating the debt, were overshadowing of the disclosures required by 15 U.S.C. §1692g(a).

27. The procedures maintained (i.e., actually employed or implemented) by Defendant CPS, if any, to avoid errors under the FDCPA, failed to protect the rights of Mrs. Poaha when the representatives of Defendant CPS failed to provide numerous required disclosures pursuant to 15 U.S.C. §§ 1692g, 1692g(a)(1), 1692g(a)(2), 1692g(a)(3), 1692g(a)(4), and 1692g(a)(5).

## SECOND VIOLATION OF
## THE FAIR DEBT COLLECTION PRACTICES ACT:
## FAILURE TO DISCLOSE IDENTITY IN COLLECTION ATTEMPTS

28. Defendant CPS's violations of the FDCPA also include, but are not limited to, the following: The failure to disclose in each and every communication that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11).

29. Defendant CPS's representative, John, did not reveal himself as a debt collector in the voicemail communication he left on Mrs. Poaha's telephone on January 9 2014.

30. This communication was an attempt to collect the alleged debt and thus was in direct violation of 15 U.S.C. § 1692e(11) as Defendant CPS did not include the requisite disclosures.

## THIRD VIOLATION OF
## THE FAIR DEBT COLLECTION PRACTICES ACT:
## COMMUNICATING WITH A THIRD PARTY

31. Violations by Defendant CPS of the FDCPA also include, but are not limited to, the following: Communicating with any person other than the consumer for any purpose other than the acquisition of location information about the consumer, which is a violation of 15 U.S.C. §§ 1692b(1), 1692b(2), and 1692b(3).

32. Defendant CPS called the cellular telephone of Mrs. Poaha's husband,

Marshall Poaha, in an attempt to collect the debt.

33. Mrs. Poaha and Marshall are both concerned as to how Defendant obtained Marshall's cellular telephone number.

34. Defendant CPS spoke with Marshall Poaha in late 2013 and again in February, 2014.

35. Consequently, Defendant CPS communicated with a third party, Marshall, while attempting to collect a debt from Mrs. Poaha.  The FDCPA forbids a debt collector from communicating with any third parties except under limited circumstances not present here.

36. In Defendant CPS's communication with Marshall, Defendant never attempted to confirm or correct Mrs. Poaha's location information.

37. Without the prior consent of the consumer given directly to Defendant CPS, it may not communicate with any other person in connection with the collection of the debt, except Mrs. Poaha, her attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, other than for the purpose of acquiring "location information".

38. Defendant CPS's communication with Marshall Poaha in effort to collect a debt from Mrs. Poaha was a violation of 15 U.S.C. §§ 1692b(1), 1692b(2), and 1692b(3).

# FOURTH VIOLATION OF
# THE FAIR DEBT COLLECTION PRACTICES ACT:
# CONDUCT THAT IS HARASSING, OPPRESSIVE, OR ABUSIVE

39. Violations by Defendant CPS of the FDCPA include, but are not limited to, the following: Any conduct the natural consequence of which is to harass, oppress or abuse any person, which is a violation of 15 U.S.C. § 1692d.

40. Defendant CPS's collection calls to Mrs. Poaha are numerous, repetitive, and exceptionally annoying.

41. The volume of the calls placed to Mrs. Poaha by Defendant CPS in its attempts to collect a debt, as well as the fact that they called her husband multiple times, is conduct that rises to the level of harassment, oppression and/or abuse, and is in violation of the FDCPA.

42. The purpose of the FDCPA is to promote fair debt collection whereby debt collectors must be truthful, honest and show respect to the debtor.

43. The collection attempts by Defendant CPS in its various telephone calls, voicemails, and calls to Marshall Poaha's cellular telephone are attempts to harass, oppress or otherwise abuse Mrs. Poaha into payment of the debt.

44. The purpose of FDCPA is the prevention of these types of overreaching collection tactics and means, and Defendant CPS's conduct is unacceptable.

45. As a result of Defendant CPS's actions, Bobbin Poaha is entitled to an award of actual damages, statutory damages, as well as an award of costs and

attorney fees.

### *Respondeat Superior Liability*

46. In addition to their individual liability under the FDCPA and Hawaii Revised Statutes, the acts and omissions of Defendant CPS representatives, as agents for Defendant CPS, were committed within the time and space limits of their agency relationship with their principal, Defendant CPS.

47. The acts and omissions by CPS agents were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by Defendant CPS in collecting consumer debts.

48. By committing these acts and omissions against Plaintiff, those agents were motivated to benefit their principal, Defendant CPS.

49. Defendant CPS is therefore liable to Plaintiff through the Doctrine of Respondeat Superior, for the intentional and negligent acts, errors, and omissions committed in violation of federal and state law by the debt collectors employed as agents of Defendant CPS during its attempts to collect the debt from Plaintiff.

### *Summary*

50. The above-detailed conduct by Defendant and its agents in connection with collection of a consumer debt, was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to, the above-

cited provisions.

51. As a result of Defendant's actions, Bobbin Poaha is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

## TRIAL BY JURY

52. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant CPS and in favor of the Plaintiff as follows:

a) Declaratory judgment that Defendant CPS violated Mrs. Poaha's rights under the Fair Debt Collection Practices Act;

b) That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every defendant in an amount to be determined at a trial by a jury;

c) That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

d) That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

e) That the Court declare all defenses raised by Defendant CPS to be insufficient; and

f) Such other and further relief, including injunctive relief as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable.

Respectfully submitted this the 23rd day of April, 2014.

*/s/ Justin A. Brackett*
Justin A. Brackett, #9954
Attorney for Plaintiff
1136 Union Mall, Suite 808
Honolulu, TN 96813
(808) 545-4040
rholcomblaw@live.com